# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LAURA M., | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 6161 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Laura M. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court affirms the SSA's decision.

## Background

Plaintiff filed an application for disability benefits on July 21, 2015, alleging a disability onset date of December 5, 2009. (R. 60-61.) Plaintiff's application was denied initially on September 24, 2015, and on reconsideration on March 21, 2016. (R. 66, 75.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on May 8, 2017. (*See* R. 33-59.) On August 25, 2017, the ALJ denied plaintiff's application. (*See* R. 15-27.) The Appeals Council denied plaintiff's request for review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," i.e., "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff did not engage in substantial gainful activity from the alleged onset date to her date last insured ("DLI"). (R. 17.) At step two, the ALJ determined that, through her DLI, plaintiff had the severe impairments of "bilateral hip dysplasia; status post total hip replacement on the left; degenerative joint diseased of the right hip; degenerative disc disease of the lumbar spine; and obesity." (*Id.*) At step three, the ALJ found that, through her DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 18.) At step four, the ALJ found that, through her DLI, plaintiff had the RFC to perform her past relevant work as a travel agent and customer service representative, and thus was not disabled. (R. 18, 26-27.)

Plaintiff first takes issue with the ALJ's conclusion that plaintiff does not meet Listing 1.03. That Listing requires "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively . . . and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." Listing 1.03, *available at* https://www.ssa.gov/disability/professionals/bluebook/1.00-Musculoskeletal-Adult.htm#1_03 (last visited July 8, 2019). To ambulate effectively:

> "[I]ndividuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

Listing 1.00B(2)(b)(2), *available at* https://www.ssa.gov/disability/professionals/bluebook/1.00-Musculoskeletal-Adult.htm (last visited July 8, 2019).

3

The ALJ said that plaintiff did not meet the Listing because she "does not use an assistive devise [sic]," "[h]er gait is described as normal at most examinations," and the evidence showed that her hip condition did not make her unable to ambulate effectively for a twelve-month period. (R. 18, 21-22.) The fact that plaintiff did not use an assistive device prior to her DLI is not dispositive because use of such a device is not a prerequisite for ineffective ambulation. *See* Listing 1.00B(2)(b)(2), *available at* https://www.ssa.gov/disability/professionals/bluebook/1.00-Musculoskeletal-Adult.htm (last visited July 8, 2019). But evidence that plaintiff otherwise met the definition of ineffective ambulation, *i.e.*, that she could not "walk a block at a reasonable pace on rough or uneven surfaces, . . . use standard public transportation, . . . carry out routine ambulatory activities, such as shopping and banking, [or] . . . climb a few steps at a reasonable pace with the use of a single hand rail," is required. *Id.* Plaintiff asserts that her "ineffective ambulation has continued, unabated, despite surgeries and steroid injections." (Pl.'s Mem. Supp. Mot. Summ. J., ECF 14 at 9.) But only one of the records she cites mentions that she had difficulty walking. (*Id.*; *see* R. 430.) Rather than directing the Court to evidence that supports her contention that she cannot ambulate effectively, plaintiff simply points to her reconstructive hip surgeries. (Pl.'s Mem., ECF 14 at 8-9; Pl.'s Reply, ECF 27 at 4.) Though reconstructive surgery is a requirement to be considered disabled under Listing 1.03, the surgery itself does not satisfy the inability to ambulate finding. Absent evidence of prolonged ineffective ambulation as defined by the Listings, and plaintiff has identified none, the ALJ's conclusion that plaintiff did not meet Listing 1.03 before her DLI is not erroneous.

Plaintiff also disputes the ALJ's conclusion that plaintiff's symptom reports are inconsistent with the evidence. Plaintiff asserts that, prior to her DLI, she could not perform sedentary work because she could only sit for twenty or thirty minutes at a time and could not

4

stand or walk for "too long." (R. 49, 153, 188.) However, no doctor opined that plaintiff's ability to sit, stand, or walk was limited, and her medical records, though they show that she has pain that is treated with steroid injections, physical therapy, and medication, do not reflect such limitations. On the contrary, they generally show that the treatment was successful in reducing or eliminating plaintiff's pain. (*See* R. 406, 410, 416, 466, 484, 642, 646, 652, 713, 778, 968.) Moreover, the fact that plaintiff was able, during this period, to work at TJ Maxx and as a recess/lunch monitor at her son's school, both of which required exertion above the sedentary level, is inconsistent with her assertion. (*See* R. 199-201 (stating that the former job required her to walk and stand for four hours a day and the latter job required her to walk and stand for two hours a day)); *see also* 20 C.F.R. § 404.1567(a) (defining sedentary work as that which involves only occasional walking and standing). Further, plaintiff's activities—caring for two young children, doing housework, going shopping, attending church, attending the children's activities two or three times weekly, and taking a trip to Disney World (R. 50, 153-57, 192, 646)—though not dispositive of her ability to work, cast some doubt on her asserted limitations. *See* SSR 16-3p, 2017 WL 5180304, at *7 (Oct. 25, 2017) (stating that one factor to be considered in evaluating a claimant's symptom is her daily activities). In short, the ALJ's symptom evaluation is supported by substantial evidence.

Plaintiff further argues that the ALJ's RFC is flawed because the ALJ fashioned it without considering plaintiff's obesity. The Court disagrees. The ALJ expressly said that she considered plaintiff's elevated BMI and the fact that plaintiff's obesity puts more stress on her joints in determining the RFC. (R. 18 (stating that plaintiff has the RFC to "perform sedentary work . . . except [that she] requires the option to stand for 5 minutes after sitting for one hour before resuming a seated position. She can never climb ladders, ropes or scaffolds or be exposed to unprotected heights. She can never crouch or crawl . . . [and] is limited to occasional stooping and

5

kneeling and occasional climbing of stairs or ramps."); R. 22 (citing R. 488 (medical record stating "[t]he more weight [plaintiff] is carrying around the more stress across the joint.")). Further, plaintiff does not identify any obesity-related limitations that the ALJ overlooked, and the Court has found none in the record. In sum, the record shows that the ALJ adequately considered plaintiff's obesity in determining the RFC.

Finally, plaintiff contends that the ALJ erred by reaching her disability determination without contacting any medical sources for their opinions. (*See* R. 26 (rejecting state agency consultant's opinions that there was insufficient evidence before plaintiff's DLI to determine whether she was disabled).) However, plaintiff has the burden of submitting evidence that proves she is disabled, and the ALJ is required to contact a medical source only if the evidence submitted is insufficient to make a disability determination. 20 C.F.R. §§ 404.1512(a), 404.1520b(b); *see Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) ("It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability."). As noted above, the evidence supports the ALJ's conclusion that plaintiff can perform sedentary work with certain postural limitations. Thus, the ALJ's failure to contact a medical source for an opinion about plaintiff's condition is not error.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [13], affirms the SSA's decision, and terminates this case.

**SO ORDERED.**                    **ENTERED:  July 17, 2017**


**M. David Weisman**
**United States Magistrate Judge**